IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01724

CRIMINAL PRODUCTIONS, INC,

  Plaintiff,

v.

JOHN DOE 1, et al., unknown individuals,

  Defendants.

_____

## MOTION TO QUASH
_____

Defendant Doe #unknown, with assigned IP address 107.2.225.223:39392, by and through attorney Sulee Rabin, moves for an order quashing the subpoena served upon Comcast Cable Communications, and as grounds therefore states as follows:

    1.    Pursuant to Rule 45(c)(2)(A), the subpoena should be quashed because it violates geographical restrictions by requiring the Custodian of Records for Comcast in Moorestown, NJ to produce records at the offices of Brown & Kannady, LLC in Denver, Colorado which is more than 100 miles away.

    2.    It also subjects Doe Defendant #unknown, as a customer of Comcast, to undue burden as his/her name, address and other personal information will be revealed to Plaintiff. This would be an invasion of privacy while violating due process and would cause Defendant to have to defend his/her position in an action that he/she otherwise knows nothing about.

    3.    On or around July 25, 2016, Defendant Doe #unknown received a letter from Comcast, his/her internet provider, regarding a subpoena ordering Comcast to provide Plaintiff

with Defendant's name, address, telephone number, email address and Media Access Control address associated with the IP address which had been assigned to the Defendant.

4.      The letter states that the Plaintiff, Criminal Productions, Inc., alleges Doe Defendant #unknown committed copyright infringement through uploading or downloading content without permission with a devise using the IP address 107.2.225.223:39392 on May 8, 2016 at 09:44:05 GMT.  (See attached letter and documents provided to Defendant by Comcast). However, in Document 1-3 filed by Plaintiff with the Court as an attachment to the Complaint, Doe Defendant #unknown's IP address and date/time of alleged violation described in the Comcast letter is not among the listed violations referenced in the Complaint or its exhibits. Because Doe Defendant #unknown is not even a Defendant in this particular lawsuit, the subpoena is invalid and must be quashed.

5.      The Complaint filed on July 6, 2016 further alleges that many of the Defendants "acted in a collective and interdependent manner via the Internet in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, "Criminal" (the "Motion Picture") by means of interactive "peer to peer" ("P2P") file transfer technology protocol called BitTorrent".

6.      However, the Complaint does not specifically allege that Doe Defendant #unknown participated in what is described by Plaintiff as a "swarm" that should permit a joinder of these otherwise unrelated defendants.

7.      Many courts have ordered severance of defendants from lawsuits in similar situations involving BitTorrent, the use of the same internet service provider and peer to peer ("P2P") networks.  "Merely committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *LaFace Records, LLC v. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb 27, 2008). See also *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, (N.D. Cal. July 31, 2006), *Interscope Records v.*

*Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004), *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at (E.D. Pa. Apr. 2, 2004), General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004).

8. Therefore, Doe Defendant #unknown also contends that he/she has been improperly joined in this action and should be severed and dropped from this case pursuant to Rules 20 and 21, Federal Rules of Civil Procedure.

9. He/she further asserts undue burden and violation of due process in being a target of this civil action where there is a substantial likelihood that Plaintiff will be unable to prove that Doe Defendant #unknown was actually the person responsible for infringing upon the Plaintiff's copyright in the first place. This is because multiple people, known and unknown, may have access to Doe Defendant #unknown's IP address.

10. The Subpoena fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is simply not substantiated and is insufficient to establish a prima facie showing of infringement. The Complaint and its supporting documentation does not specifically address or describe Doe Defendant #unknown's IP address in its list of alleged violations. Therefore, due process is violated when the Defendant is allowed to be identified without being formally served the Complaint or even being listed as a violator in the Complaint via his/her assigned IP address. Thus, Doe Defendant #unknown is not even a party to this case.

Therefore, Doe Defendant #unknown respectfully requests that the subpoena be QUASHED.

Respectfully submitted this 2nd day of August, 2016.

s/ *Sulee Rabin*
Attorney for Doe Defendant
Rabin Law Offices, LLC
"The Congress Park Law Firm"
3570 E. 12th Ave.
Denver, CO 80206
Tel: (720)-684-4374
Fax: (303)-432-8887
Email: srabin03@yahoo.com